UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE LAPTOP INCORPORATED,

Plaintiff,

v.

A-1 BEST COMPUTER, INC., et al.,

Defendants.

CASE NO. C05-1392JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment from Plaintiff Seattle Laptop Incorporated ("SLI") (Dkt. # 15), and a motion for attorneys' fees from SLI (Dkt. # 30). Although SLI has requested oral argument, the court finds this motion suitable for disposition based on the parties' briefing and accompanying declarations. For the reasons stated below, the court DENIES SLI's summary judgment motion and GRANTS its motion for attorneys' fees.

## II. BACKGROUND

SLI and Defendant A-1 Best Computer, Inc. ("A-1 Best") are competitors in the laptop computer business. Both entities sell and repair laptops. In terrestrial terms, SLI and A-1 Best operate storefronts a few miles away from each other in the north end of Seattle. In cyberspace, their operations were separated for a time by no more than the letter "s." SLI operated the "www.seattlelaptop.com" website, while A-1 Best used the domain name "www.seattlelaptops.com" to link users to its own website. SLI believes

ORDER – 1

that an "s" is insufficient distinction between its website and A-1 Best's, and has therefore sued for, among other things, violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). It now moves for summary judgment on its ACPA claim, including statutory damages of $300,000, a permanent injunction, and an award of attorneys' fees.

In a separate motion, SLI seeks attorneys' fees it incurred because of Defendants' dilatory conduct in delaying its response to the instant summary judgment motion.

### III.  ANALYSIS

**A.  Summary Judgment Motion**

In examining SLI's summary judgment motion, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). "Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." Interstellar Starship Servs., Ltd. v. Epix Inc., 184 F.3d 1107, 1109 (9th Cir. 1999).

ACPA, which Congress incorporated into the Lanham Act in 1999, sets forth the elements of a cybersquatting claim. A plaintiff must prove that the defendant "has a bad faith intent to profit" from the plaintiff's trademark, and that the defendant has

ORDER – 2

"register[ed], traffic[ked] in, or use[d] a domain name" that is identical to, or confusingly similar to, or dilutive of that mark. 15 U.S.C. §§ 1125(d)(1)(A)(i)-(ii). The statute imposes different standards of similarity between the plaintiff's mark and the defendant's domain name depending on whether the mark is "distinctive" or "famous." 15 U.S.C. §§ 1125(d)(1)(A)(ii)(I)-(II).

In this case, the summary judgment standard is manifestly fatal to SLI's motion. It is axiomatic that the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. E.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Although SLI never expressly acknowledges this summary judgment mantra, the court assumes that SLI is aware of it. Nonetheless, SLI urges its own version of facts on the court, complete with inferences that unilaterally favor SLI. The court is not at liberty to adopt SLI's version of the facts or the favorable inferences it urges on the court.

Taking the evidence in the light most favorable to A-1 Best, A-1 Best owns eight domain names that could conceivably have drawn SLI's ire. Lahlou Decl. ¶ 5. Each of these domain names contains the concatenation "seattlelaptop," sometimes on its own, sometimes with an "s" added, and sometimes with the word "repair" appended. It is undisputed that although A-1 Best has registered each of these domain names, and maintains the right to use them, it has never used any of the domain names except "seattlelaptops.com" and "seattlelaptoprepair.com." Id. ¶ 7. Both of those domain names became "live" on August 1, 2005. Id. Although it is not clear from the record, internet users accessing either of these domains were apparently automatically redirected to A-1 Best's principal website at "www.a1bestcomputer.com." In addition, A-1 Best used a "Seattle laptop" metatag in HTML code for its a1bestcomputer website. Id. at ¶ 8. At approximately the same time, SLI began to threaten to sue A-1 Best for using these domain names. SLI made good on its threat on August 10, 2005. By August 24, 2005,

ORDER – 3

A-1 Best "took down" both domain names, and offered to transfer the domain names to SLI without charge. Id. at ¶ 11. During the 25 days of the domain names' operation, they attracted a total of 86 unique internet users, many of whom were likely A-1 Best employees visiting the new sites. Id. at ¶¶ 12-13, Exs. A-B. By December 18, 2005, A-1 Best removed the "Seattle laptop" metatags from its website. Id. at ¶ 16.

From this evidence, SLI asks the court to conclude that A-1 Best acted in "bad faith" as a matter of law. Although ACPA provides nine factors for the court to consider in determining bad faith, 15 U.S.C. §§ 1125(d)(1)(B)(i)(I)-(IX), the factors are not exhaustive. Instead, "the most important grounds for finding bad faith are the unique circumstancs of the case, which do not fit neatly into the specific factors" that Congress enumerated. Interstellar Starship Servs., Ltd. v. Epix, Inc., 304 F.3d 936, 946-47 (9th Cir. 2002) (internal citations and quotations omitted).

Taking evidence in the light most favorable to A-1 Best, SLI cannot prevail on summary judgment. SLI insists that A-1 Best appropriated its name in an effort to steal its customers. A-1 Best contends that it registered concatenations of "Seattle," "laptop," and "repair" as domain names because it is a Seattle business that is engaged in selling and repairing laptops. See 15 U.S.C. §§ 1125(d)(1)(B)(i)(V), (VIII). The summary judgment standard prohibits the court from choosing SLI's version of events over A-1 Best's. Indeed, because "Seattle" and "laptop" are such obvious terms to use in promoting a Seattle business that deals in laptops, A-1 Best has a strong argument that the "Seattle Laptop" mark is not "distinctive" or "famous." See 15 U.S.C. §§ 1125(d)(1)(B)(i)(IX); see also Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d 1002, 1013 (9th Cir. 2005) (setting forth test for distinctive and famous marks). Moreover, A-1 Best stopped using the domain names that are the subject of this suit less than a month after it began to use them. On this record, SLI has fallen well short of demonstrating as a matter of law that A-1 Best acted in bad faith. As bad faith is "an

ORDER – 4

essential prerequisite to finding an ACPA violation," the court need not consider other aspects[1] of SLI's motion for summary judgment on its ACPA claim. Interstellar Starship, 304 F.3d at 946.

**B.     Attorneys' Fees Motion**

In a separate motion, SLI seeks attorneys' fees arising from its response to A-1 Best's dilatory request for an extension of time to respond to SLI's summary judgment motion, as well as a telephone conference that followed the court's denial of that request. The court finds that $1400 in attorneys' fees is reasonable compensation for the prejudice SLI suffered. The court notes that although A-1 Best is to blame for its dilatory conduct, SLI shares blame for multiplying its own expenses by refusing to cooperate in resolving the parties' dispute. It appears that the driving force behind A-1 Best's dilatory conduct was its former counsel. SLI refused to consider a reasonable accommodation when A-1 Best obtained new counsel.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES SLI's summary judgment motion (Dkt. # 15), GRANTS SLI's motion for attorneys' fees (Dkt. # 30), and awards SLI attorneys' fees of $1400.

Dated this 6th day of March, 2006.

s/James L. Robart
_____
JAMES L. ROBART
United States District Judge

---

[1] The court notes that SLI seeks $300,000 in damages in its summary judgment motion. SLI arrives at this figure by requesting maximum statutory damages of $100,000 under 15 U.S.C. § 1117(d) for A-1 Best's use of three domain names that allegedly violate ACPA. Even viewing the evidence in the light most favorable to SLI, the record falls well short of supporting such an exorbitant claim for damages. The court notes that 15 U.S.C. § 1117(d) permits the court to exercise its discretion to fix statutory damages between $1,000 and $100,000. Unless SLI presents evidentiary support for a larger amount, even if A-1 Best were liable, the court would award damages at or near the bottom of that range.

ORDER – 5